UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR PORRO, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

Z GOURMET DELI CORP., and MISTER SUBS II INC., and ABDULAZIZ ALGHAZALI, individually, and MUKHTAR ALRUBAY, individually,

Defendants.

**FIRST AMENDED COMPLAINT**

**Docket No.: 1:26-cv-01135 (SHS)**

Jury Trial Demanded

HECTOR PORRO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against Z GOURMET DELI CORP. ("Z Gourmet Deli") and MISTER SUBS II INC. ("Mister Subs II, and together, with Z Gourmet Deli where appropriate, as "the Entity Defendants"), and ABDULAZIZ ALGHAZALI, individually, and MUKHTAR ALRUBAY, individually, (collectively, with the Entity Defendants where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the NYLL, NYLL § 652, 12 NYCRR 146-

1.2; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (v) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two New York corporations that operate as a single enterprise to run a deli in the Bronx, New York, known as Gourmet Deli, as well as the enterprise's Chief Executive Officer and day-to-day overseer, and a manager who was his direct supervisor - - as a cook from February 2019 to September 2024. As described below, throughout his employment, but as is relevant herein, for the six-year period pre-dating the commencement of this action, plus an additional 228 days pursuant to former Governor Andrew M. Cuomo's executive tolling orders, until the end of his employment ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each week. Yet in exchange, from the beginning of the Relevant Period until June 2023, Defendants paid Plaintiff on an hourly basis at his regular rate for each hour that he worked, and thus Defendants did not pay Plaintiff at the overtime rate of one and one-half times his regular rate, or one and one-half times the minimum wage rate, if greater, for the hours that he worked over forty in a week during that time. Then, from June 2023 to the end of the Relevant Period, Defendants paid Plaintiff a flat weekly salary that by operation of law covered only the first forty hours that Plaintiff worked in a week, and thus Defendants did not pay Plaintiff at any rate, let alone at the statutorily-required rate

of one and one-half times his regular rate, for the hours that Plaintiff worked in a week in excess of forty during this time.

3. Furthermore, from the beginning of the Relevant Period until June 2023, the rate that Defendants paid Plaintiff for all hours of work fell below the minimum wage that the NYLL requires for each hour of work.

4. Additionally, for those days when Plaintiff's shift exceeded ten hours from beginning to end, which was almost every workday, Defendants did not compensate Plaintiff with an additional one hour's pay at the minimum wage rate, in violation of the spread of hours provisions of the NYLL and the NYCRR.

5. Defendants further violated the NYLL by failing to furnish Plaintiff with any wage statement on each payday, let alone an accurate one.

6. Defendants have paid and treated all of their non-managerial employees in the same manner.

7. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## **JURISDICTION AND VENUE**

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, as Plaintiff performed all of his work for Defendants in this district.

## PARTIES

10. At all times during the Relevant Period, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times herein, Defendant Z Gourmet Deli was and is a New York corporation with its principal place of business located at 1070 Ogden Avenue, Bronx, New York 10452, and which is registered with the New York State Department of Corporations to receive service of process at that same address.

12. At all relevant times herein, Mister Subs II. was and is a New York corporation with its principal place of business also located at 1070 Ogden Avenue, Bronx, New York 10452, and which is registered with the New York State Department of Corporations to receive service of process at that same address.

13. At all relevant times herein, while legally distinct entities, Defendants Z Gourmet Deli and Mister Subs II have, in practice, operated together as a single integrated enterprise in that both: are commonly owned and managed; are commonly controlled financially; co-mingle both non-managerial and managerial employees, as well as financial resources; and operate from the same location and for the same primary purpose, namely to run Gourmet Deli in the Bronx.

14. At all relevant times herein, Defendant Alghazali was and is the Chief Executive Officer and day-to-day overseer of Entity Defendants, while Defendant Alrubay was a manager who assisted Alghazali with all personnel-related matters. To that end, Alghazali and Alrubay

have managed and overseen all aspects of the business, including hiring and firing employees, determining employees' rates, methods of pay, and work schedules, paying employees, as well as maintaining employment records, including those matters with respect to Plaintiff and FLSA Plaintiffs.

15. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, the Entity Defendants' qualifying annual business has exceeded and exceeds $500,000.00. Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees and have operated a business that purchases and sells numerous products that have moved across state lines, such as fruits, meats, dairy products, and general goods. Defendants also accept payment in cash that naturally moves across state lines, as well as credit cards that are processed by out-of-state banking companies. The combination of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

17. At all relevant times herein, Defendants have treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs have: (1) performed similar tasks, as described in the "Background Facts" section below; (2) been subject to the same laws and regulations; (3) been paid in the same or similar manner; (4) been required to work in excess of forty hours in a workweek; and (5) not been paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18. At all relevant times herein, Defendants are and have been aware of the requirement to pay their non-managerial employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff complained to Defendant Alghazali multiple times that Defendants were not paying him overtime pay for his overtime hours worked in accordance with the law, but Defendants continued not to pay Plaintiff overtime for his hours worked over forty in a week.

19. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek in excess of forty, in violation of the FLSA.

## BACKGROUND FACTS

20. The Entity Defendants, as described above, are two nominally distinct New York corporations that together operate as a single enterprise to run a restaurant that holds itself out to the public as Gourmet Deli, which is located at 1070 Ogden Avenue, Bronx, New York 10452.

21. As detailed above, Defendant Alghazali is the Chief Executive Officer and made all significant personnel-related decisions for all of its employees, whether directly or through Defendant Alrubay, who acted as manager and carried out personnel-related functions at

Alghazali's direction and with his approval. Indeed, to that end, Defendant Alhazali hired Plaintiff, set Plaintiff's hours and rate of pay, paid him, communicated Plaintiff's work instructions to him, and maintained or should have maintained Plaintiff's employment. At times when Defendant Alghazali did not directly supervise Plaintiff, Defendant Alrubay, with Alghazali's approval, paid Plaintiff, communicated Plaintiff's work instructions to him, and maintained or should have maintained Plaintiff's employment records.

22. Plaintiff worked for Defendants from February 2019 through September 2024, as a cook and general worker in Defendants' deli. In this role, Plaintiff's primary duties consisted of cooking and preparing food, cleaning the kitchen equipment, taking orders, operating the cash register, and managing inventory.

23. From the beginning of the Relevant Period until June 2023, Defendants required Plaintiff to work, and Plaintiff did generally work, seven days a week, from 10:00 a.m. until 12:00 a.m., without a scheduled or uninterrupted break during his shifts, for a total of ninety-eight hours per week.

24. From June 2023 until the end of the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did generally work, seven days a week, from 5:00 p.m. until 1:00 a.m. on Monday through Saturday, and from 8:00 a.m. until 1:00 a.m. on Sunday, without a scheduled or uninterrupted break during his shifts, for a total of sixty-five hours per week.

25. In exchange for his work, from the beginning of the Relevant Period until June 2023, Defendants paid Plaintiff on an hourly basis at the rate of $10.00 for all hours of work, including those hours that Plaintiff worked in a week over forty. Thus, Defendants did not pay Plaintiff an overtime premium for his hours worked over forty in a week during this time.

26. Then from June 2023 to the end of the Relevant Period, Defendants paid Plaintiff a flat weekly salary of $1,200.00, which by operation of law covered only Plaintiff's first forty hours of work in a week. Thus, during this time, Defendants did not pay Plaintiff at any rate, let alone at the rate of one and one-half times his regular rate, for the hours that Plaintiff worked over forty in a week.

27. Moreover, from the beginning of the Relevant Period until June 2023, the rate that Defendants paid Plaintiff per hour of work fell below the minimum wage rate that the NYLL requires.

28. For those days when Plaintiff's shifts exceeded ten hours from beginning to end, which was seven days a week from the beginning of the Relevant Period until June 2023, and one day a week from June 2023 until the end of the Relevant Period, Defendants did not pay Plaintiff an additional one hour's pay at the minimum wage rate.

29. By way of example only, for the week of May 15 through May 21, 2023, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without a scheduled or uninterrupted break during his shifts:

Monday, May 15, 2023: 10:00 a.m. until 12:00 a.m.;

Tuesday, May 16, 2023: 10:00 a.m. until 12:00 a.m.;

Wednesday, May 17, 2023: 10:00 a.m. until 12:00 a.m.;

Thursday, May 18, 2023: 10:00 a.m. until 12:00 a.m.;

Friday, May 19, 2023: 10:00 a.m. until 12:00 a.m.;

Saturday, May 20, 2023: 10:00 a.m. until 12:00 a.m.; and

Sunday, May 21, 2023: 10:00 a.m. until 12:00 a.m.

Accordingly, Plaintiff worked a total of ninety-eight hours during this week. In exchange,

Defendants paid Plaintiff $10.00 per every hour that he worked for a total of $980.00. Thus, Defendants did not pay Plaintiff an overtime premium for the fifty-eight hours that he worked in excess of forty during that week. Additionally, during this week, Defendants paid Plaintiff an hourly rate that fell below New York's minimum wage rate of $15.00 per hour at the time. Defendants also did not pay Plaintiff an additional one hour of pay at the minimum wage rate for the seven shifts that he worked during this week that exceeded ten hours from beginning to end.

30. By way of another example, for the week of August 12 through August 18, 2024, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without a scheduled or uninterrupted break during his shifts:

Monday, August 12, 2024: 5:00 p.m. until 1:00 a.m. the following morning;

Tuesday, August 13, 2024: 5:00 p.m. until 1:00 a.m. the following morning;

Wednesday, August 14, 2024: 5:00 p.m. until 1:00 a.m. the following morning;

Thursday, August 15, 2024: 5:00 p.m. until 1:00 a.m. the following morning;

Friday, August 16, 2024: 5:00 p.m. until 1:00 a.m. the following morning;

Saturday, August 17, 2024: 5:00 p.m. until 1:00 a.m. the following morning; and

Sunday, August 18, 2024: 8:00 a.m. until 1:00 a.m. the following morning;

Accordingly, Plaintiff worked a total of sixty-five hours during this week. In exchange, Defendants paid Plaintiff his weekly salary of $1,200.00, which by operation of law, covered only Plaintiff's first forty hours of work. Defendants paid Plaintiff nothing for the twenty-five hours of work that he performed in excess of forty during this week. Defendants also did not pay Plaintiff an additional one hour of pay at the minimum wage rate for the one shift that he worked during this week that exceeded ten hours from beginning to end.

31. Throughout the Relevant Period, Defendants paid Plaintiff in cash on a weekly basis.

32. On each occasion when Defendants paid Plaintiff during the Relevant Period, Defendants failed to provide Plaintiff with any wage statement, let alone a statement that accurately listed, *inter alia*, his total hours worked that week, his regular and overtime rates of pay, and his regular and overtime wages due for every hour that he worked. Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

33. Defendants have acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

34. Defendants have treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

35. Each hour that Plaintiff and FLSA Plaintiffs worked has been for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

36. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

38. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

39. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the FLSA's overtime provisions.

40. Defendants have willfully violated the FLSA.

41. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

42. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

43. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

45. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL and the NYCRR.

46. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

47. Plaintiff and any FLSA Plaintiff who opts into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

48. Plaintiff and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

49. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

51. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL and the NYCRR.

52. As also described above, Defendants have failed to compensate Plaintiff and any FLSA Plaintiff who opts into this action in accordance with the NYLL's and the NYCRR's minimum wage provisions.

53. At the least, Plaintiff and any FLSA Plaintiff who opts into this action are entitled to pay at the minimum wage rate for all hours worked.

54. Plaintiff and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

55. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 652 and 12 NYCRR § 146-1.6 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

57. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL and the NYCRR.

58. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action worked days where their spread of hours exceeded ten, yet Defendants have failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

59. Plaintiff and any FLSA Plaintiff who opts into this action are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day that they worked in which their spread of hours exceeded ten.

60. Plaintiff and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

61. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

63. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL.

64. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action with a wage statement that accurately contained the criteria that the NYLL requires.

65. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

66. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participating in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i. Awarding pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
June 18, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________

MICHAEL J. BORRELLI, ESQ. (MB 8533)
ALEXANDER T. COLEMAN, ESQ. (AC 1717)